**STATE of Minnesota, Respondent,**

v.

**Darren James ASCHEMAN, Appellant.**

No. C9–98–288.

Court of Appeals of Minnesota.

Jan. 12, 1999.

**488**

John M. Stuart, State Public Defender, Susan K. Maki, Assistant State Public Defender, Minneapolis, MN (for appellant)

Michael A. Hatch, Attorney General, John B. Galus, Assistant Attorney General, St. Paul, MN; and Charles C. Glasrud, Stevens County Attorney, Morris, MN (for respondent)

Considered and decided by CRIPPEN, Presiding Judge, WILLIS, Judge, and FOLEY, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

## OPINION

CRIPPEN, Judge.

Appellant Darren Ascheman was convicted of a fifth-degree controlled substance offense for selling a small amount of marijuana to an undercover officer. *See* Minn.Stat. § 152.025, subd. 1(1) (1998). We affirm.

## FACTS

Appellant was charged with selling 4.8 grams of marijuana to undercover officer Rebecca Howell. Howell testified that after an unsuccessful attempt to buy marijuana from appellant two months earlier, she contacted appellant on November 20, 1995, after a confidential informant told her appellant would be at the American Legion Club in Morris. Howell wore a "body wire" to record the conversation.

Howell testified that appellant appeared to understand she was at the Legion Club to buy marijuana from him. They went out to the parking lot, to the informant's vehicle, where appellant "pulled a baggy of marijuana from his jacket pocket." Howell testified she "asked him what his story was and how much it would be and [he said] it was $50." Howell, who had $190 in marked money, counted out $50 for appellant, who gave her the marijuana. Howell testified Ascheman said that "it was good dope."

Howell testified she did not arrest appellant at the time because "it was an ongoing investigation and we continued to receive information on Darren Ascheman's activities." Howell testified that she had met appellant once before the November 20 deal and that she obtained a driver's license photograph of appellant the day after the deal and confirmed that he was the person with whom she had dealt.

Appellant's defense, as outlined in his opening statement, was that he could not reconstruct his whereabouts on November 20, 1995, because of the 15–month delay in charging the offense, and that police had fabricated the charge to coerce appellant into informing for them.

art. VI, § 10.

The court granted appellant's request to instruct the jury on the petty misdemeanor offense of "sale" of a small amount of marijuana for no remuneration. Using a modified version of CRIMJIG 20.10, the standard instruction on the petty misdemeanor offense,[1] the court gave the jury the following instruction:

> If you find the defendant is guilty of delivering marijuana to Rebecca Howell, you have one additional issue to determine. And it will be put forth to you in the form of a question which will appear on the verdict form.
>
> The question is this: Did the defendant receive any remuneration for delivering marijuana to Rebecca Howell? You should answer this question yes or no. If you have a reasonable doubt as to the answer, you should answer the question no.

The court denied appellant's request to give CRIMJIG 3.20, the "lesser-included" crimes instruction. And the court gave the jury a single verdict form, which did not include the conditions contained in the court's instructions, that the jury should consider the petty misdemeanor issue only "if" it first determined that appellant was guilty of delivering marijuana and should answer "no" to the remuneration question "if [it had] any reasonable doubt as to the answer." The verdict form read as follows:

> We, the jury empaneled in the above entitled action, find the Defendant, Darren James Ascheman, _____ (Not Guilty or Guilty) of Controlled Substance Crime in the Fifth Degree.
>
> Did the Defendant, Darren James Ascheman, receive any remuneration for delivering marijuana to Rebecca Howell? _____ (Yes or No)

The jury returned with a verdict of guilty of the fifth-degree controlled substance offense and a finding that appellant did receive remuneration for delivering marijuana to

Howell. The trial court sentenced appellant to a 15-month stayed sentence.

## ISSUES

1. Did the trial court abuse its discretion in instructing the jury?

2. Is appellant entitled to a new trial on other grounds?

## ANALYSIS

■ Appellant argues that the trial court abused its discretion in instructing the jury on the lesser offense of a "sale" of marijuana for no remuneration. *See* Minn.Stat. § 152.027, subd. 4(a) (1998) (providing that sale of small amount of marijuana for no remuneration is a petty misdemeanor). Appellant argues that the trial court should have granted his request to give Criminal Jury Instruction Guide 3.20, under which the jury is instructed what the lesser crime is, and then is told

> that the presumption of innocence and the requirement of proof beyond a reasonable doubt apply to these lesser crimes. If you find beyond a reasonable doubt that defendant has committed a crime but you have a reasonable doubt which crime has been committed the defendant is guilty of the lesser crime only.

10 *Minnesota Practice* CRIMJIG 3.20 (1990).

■ This court will not find error in refusing to give a requested jury instruction unless an abuse of discretion is shown. *State v. Blasus*, 445 N.W.2d 535, 542 (Minn.1989).

■ The supreme court has recently reiterated its approval of CRIMJIG 3.20 as a proper instruction when a lesser-included offense is submitted to the jury. *State v. Bolte*, 530 N.W.2d 191, 199 (Minn.1995). A lesser-included offense is an offense necessarily committed if the greater offense has been committed. *Bellcourt v. State*, 390 N.W.2d 269, 273 (Minn.1986). The court

---

1. The standard instruction reads as follows:
   If you find that defendant is guilty of delivering marijuana to _____, you have two additional issues to determine and they will be put to you in the form of questions which will appear on the verdict form. The questions are these: Did defendant receive any remuneration for delivering marijuana to _____? Was the amount of marijuana delivered to _____ more than 42.5 grams? You should answer each of these questions "yes" or "no." If you have a reasonable doubt as to the answer you should answer the question "no."
   10A *Minnesota Practice* CRIMJIG 20.10 (1990).

should submit a lesser-included offense if "the evidence provides a rational basis for an acquittal on the offense charged and a conviction on the lesser offense." *Id.* (citation omitted).

■ We conclude that, although petty misdemeanor "sale" of marijuana is a lesser crime having some relation to fifth-degree controlled substance offense, it is not a true lesser-included offense. The petty misdemeanor is defined as an exception to the felony fifth-degree controlled substance offense. *See* Minn.Stat. § 152.025, subd. 1(1) (defining offense as sale of marijuana "except" small amount for no remuneration); *cf.* Minn.Stat. § 152.027, subd. 4(a) (defining petty misdemeanor offense of sale of marijuana for no remuneration). Thus, if the greater offense has been committed, the petty misdemeanor offense, by definition, could not have been committed. The two crimes are mutually exclusive.

■ Given the mutually exclusive nature of the two crimes, it would have been confusing to give CRIMJIG 3.20 to the jury. But the principle reflected in CRIMJIG 3.20, that if the jury had a reasonable doubt which crime appellant committed, it should convict him on the petty misdemeanor, applies in this case. This principle was presented to the jury in the last sentence of CRIMJIG 20.10, the standard instruction on petty misdemeanor sale of marijuana for no remuneration. The problem lies in the verdict form shaped by the trial court.

Appellant's primary objection at trial was to the trial court's omission of CRIMJIG 3.20. Appellant did object to the trial court's adaptation of CRIMJIG 20.10 in its verdict form, but only on grounds that the single verdict form encouraged a perverse verdict.

Nevertheless, we conclude the two defense objections adequately raised the issue presented by the omissions in the verdict form. Appellant's concerns at trial were properly focused on the need to confront the jury with the principle that the reasonable doubt standard applied to its choice between the two offenses presented to it. *Cf. Bolte,* 530 N.W.2d at 199 (holding that defendant, who did not request CRIMJIG 3.20, waived issue on appeal).

The verdict form used by the trial court gave the jury neither of the conditions carefully enunciated in the relevant instruction, that the remuneration question should not be answered unless the defendant is found guilty of delivering marijuana and that the answer should be "no" if the jury had any reasonable doubt as to the answer.[2]

■ We cannot conclude that the instruction cured the erroneous omissions from the verdict form. Nor do we conclude that CRIMJIG 20.10 can be read with undue literalism as a statement that the verdict form may include certain questions and nothing more, without reiteration of the conditions stated in the instruction.[3] The verdict form, by deleting the conditional language of CRIMJIG 20.10, tended to lead the jury towards a finding of guilt by implicitly assuming there was a "delivery" of marijuana. *See generally State v. Schmitz,* 559 N.W.2d 701, 706 (Minn.App.1997) (holding that special interrogatory must not tend to lead jury towards a finding of guilt), *review denied* (Minn. Apr. 15, 1997). And the remuneration question, without the warning stated in CRIMJIG 20.10, invited a yes-no answer without due regard for the duty of the jury

2. The state agreed that the question concerning the amount of marijuana could be deleted because there was no dispute it was a "small amount." We do not imply it was error to delete this question.

3. There has been little occasion in the past to define the appropriate form for special verdicts or interrogatories in criminal trials, where they have been generally disfavored until recently. *See State v. Olson,* 379 N.W.2d 524, 527 n. 6 (Minn.1986) (noting that use of special interrogatories or special verdicts would be radical departure from established criminal practice). The conditional language suggested by CRIMJIG 20.10, however, telling the jury when they should answer the special interrogatory, has been used in criminal cases and is widely used in civil trials. *See Schmitz,* 559 N.W.2d at 705–06 (noting jury was instructed to answer special interrogatory if it found defendant guilty of pattern harassment); 4 Minnesota Practice Special Verdict Form 1, 2 (3d ed.1986) (using conditional form in special verdict forms for comparative negligence and strict liability).

to answer "no" if it had reasonable doubt on the question.

 An error in instructing the jury is harmless if it can be said beyond a reasonable doubt that the error had no significant impact on the verdict. *State v. Pendleton*, 567 N.W.2d 265, 270 (Minn.1997). The court must "adequately instruct the jury on the state's burden to prove the defendant's guilt beyond a reasonable doubt." *State v. Auchampach*, 540 N.W.2d 808, 816 (Minn.1995). But on the narrower issue involved here, the application of the reasonable doubt standard to the choice between two offenses, it is the verdict form alone, not the instructions, that is deficient. *See generally State v. Cermak*, 350 N.W.2d 328, 333 (Minn.1984) (holding that use of improper verdict form not itself reversible error when accompanied by correct instructions).

 We conclude the error in the verdict form was harmless. Appellant's claim of no remuneration was a fallback defense, implausible on the facts. Officer Howell's testimony that she paid appellant $50 was uncontradicted. Her failure to immediately arrest appellant and seize the buy money was adequately explained by the desire to continue the investigation. It is implausible that appellant, who had met Howell only once, would demand no remuneration, and that police, building a case against appellant as a suspected marijuana dealer, would accept such a gift.

 It is not prejudicial error to fail to instruct correctly on a defense if the defendant has no legitimate claim to the defense. *State v. Hare*, 575 N.W.2d 828, 832 (Minn. 1998). Although the petty misdemeanor "no remuneration" offense is not a defense to fifth-degree controlled substance crime, but rather a statutory exception to the felony, in the form of a lesser offense, we conclude that appellant was not entitled to the submission of the lesser offense and therefore cannot show prejudice.

 Appellant's other arguments do not require extended discussion. The trial court's ex parte response to the jury's impromptu question about the necessity for a unanimous verdict is not reversible error.

*See State v. Holscher*, 417 N.W.2d 698, 703 (Minn.App.1988) (holding trial court's ex parte communications with jury, including response on unanimity requirement, were not reversible error), *review denied* (Minn. Mar. 18, 1988). Appellant did not object to the prosecutor's closing argument that he now argues improperly belittled his defenses. *See State v. Whittaker*, 568 N.W.2d 440, 450 (Minn.1997) (holding defendant's failure to object to prosecutor's statements generally waives right to raise issue on appeal). Defense counsel instead chose to respond to at least one of the arguments. Even if we were to address the issue, and find the arguments improper, any misconduct did not likely play a substantial part in influencing the jury to convict. *See State v. Scruggs*, 421 N.W.2d 707, 715 (Minn.1988).

### DECISION

The trial court did not abuse its discretion in declining to give CRIMJIG 3.20. The court's alteration of CRIMJIG 20.10 in the verdict form was harmless error.

**Affirmed.**